NO.
12-07-00066-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

THOMAS
MIDDLETON,    §                      APPEAL FROM THE 258TH

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      TRINITY COUNTY, TEXAS

                                                                                                                                                           


            MEMORANDUM OPINION

            Thomas
Middleton appeals his conviction for murder. 
In three issues, Appellant argues that the trial court should have
granted his motion to suppress and that the trial court should have, sua
sponte, instructed the jury on the lesser included offense of criminally
negligent homicide.  We affirm.

 

Background








            Appellant lived with his father and
stepmother on Lake Livingston, in Trinity County.  The Perry family lived across a pond.  Just down the road was K.C.’s Bar and
Grill.  On the evening of Easter Sunday,
2006, Joseph Glover had been fishing on the pond.  He returned to the Perry’s mobile home and
told them someone had threatened to fight his little sister.  A number of people from the Perry mobile home
went in the direction of the pond to investigate and saw Appellant sitting on
the edge of his parents’ property on an all terrain vehicle.  In response, Appellant unlimbered the AK-47
rifle that he had with him and began to shoot in the direction of the people in
the Perry group.  The group fled to the Perry
mobile home.  Some of the group hid on
the floor of the house as bullets whizzed through the thin metal walls, while
others improvised cover behind cars in the yard of the Perry home.  Spent bullet casings were later found in
several parts of the house and bullets entered the house from several
locations, indicating that Appellant had moved around as he shot at the house
and vehicles.  Three of the bullets hit
the K.C.’s Bar and Grill.  Dorcas
Peroutka, a K.C.’s patron, was shot and killed by one of Appellant’s errant
bullets.

            The county sheriff and several of
his deputies arrived and were told that a man across the pond dressed in black
had been firing a gun.  They looked
across the pond and saw Appellant, dressed in black, and his father, Danny
Middleton, standing in front of Danny’s home. 
Noticing that neither Appellant nor his father were armed, the deputies
quickly approached the two men.  They
arrested Appellant, and then the sheriff asked Appellant’s father where the gun
was.  Danny said he would show them, and
led the sheriff into his home.  Danny
entered Appellant’s bedroom, brought out the AK–47 rifle, and handed it to the
sheriff.

            A Trinity County grand jury indicted
Appellant for the felony offense of murder. 
After a jury trial, Appellant was convicted as charged.  This appeal followed.

 

Motion to Suppress

            In Appellant’s first and second
issues, he argues that the trial court should have suppressed the AK–47
rifle.  Specifically, he argues that the
seizure of the rifle violated both the Fourth Amendment to the United States
Constitution and Article I, Section 9 of the Texas Constitution because
authorities did not obtain a warrant before they recovered the rifle.   

Applicable
Law

            The Fourth Amendment to the United
States Constitution states that “[t]he rights of the people to be secure in
their persons, houses, papers, and effects, against unreasonable searches and
seizures, shall not be violated, and no Warrants shall issue, but upon probable
cause, supported by Oath or affirmation, and particularly describing the place
to be searched, and the persons or things to be seized.”  U.S.
Const. amend. IV.  Similarly,
Article I, Section 9 of the Texas Constitution states that “[t]he people shall
be secure in their persons, houses, papers and possessions, from all
unreasonable seizures or searches, and no warrant to search any place, or to
seize any person or thing, shall issue without describing them as near as may
be, nor without probable cause, supported by oath or affirmation.”  Tex.
Const. art. I, § 9.  








            Warrantless searches are presumed to
be unreasonable, but there are recognized exceptions.  Wiede v. State, 214 S.W.3d 17,
24 (Tex. Crim. App. 2007) (citing Maryland v. Dyson, 527 U.S.
465, 466, 119 S. Ct. 2013, 2014, 144 L. Ed. 2d 442 (1999)).  One of the well recognized exceptions to the
warrant requirement is consent to search. 
Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S. Ct.
2041, 2043-44, 36 L. Ed. 2d 854 (1973); Maxwell v. State, 73
S.W.3d 278, 281 (Tex. Crim. App. 2002); Carmouche v. State, 10
S.W.3d 323, 331 (Tex. Crim. App. 2000).

            Whether consent is valid is a
question of fact to be determined from all the circumstances.  Maxwell v. State, 73 S.W.3d
278, 281 (Tex. Crim. App. 2002) (citing Ohio v. Robinette, 519
U.S. 33, 40, 117 S. Ct. 417, 421, 136 L. Ed. 2d 347 (1996)).  The federal constitution requires the state
to prove the validity of the consent by a preponderance of the evidence; the
Texas Constitution requires the state to show by clear and convincing evidence
that the consent was valid.  Maxwell,
73 S.W.3d at 281.

            Consent to search must be voluntary,
Harrison v. State, 205 S.W.3d 549, 552 (Tex. Crim. App. 2006),
and consent must come from a person who has authority over the property.  See Georgia v. Randolph,
547 U.S. 103, 106, 126 S. Ct. 1515, 1518, 164 L. Ed. 2d 208 (2006); Schneckloth
v. Bustamonte, 412 U.S. 218, 222, 93 S. Ct. 2041, 2045, 36 L. Ed. 2d
854 (1973).  The legal property interest
involved is not dispositive in determining whether a third party has the
authority to consent to a search; common authority derives from the mutual use
of property, not the ownership or lack thereof. 
Maxwell, 73 S.W.3d at 281. 
A person with common authority over property may consent to the search
of the property.  Patrick v. State,
906 S.W.2d 481, 490 (Tex. Crim. App. 1995) (citing United States v.
Matlock, 415 U.S. 164, 94 S. Ct. 988, 39 L. Ed. 2d 242 (1974)).  A third party’s apparent authority to consent
to a search will suffice when the facts available to the officer would lead a
person of reasonable caution to believe that the third party had authority to
consent to the search.  See Illinois
v. Rodriguez, 497 U.S. 177, 188–89, 110 S. Ct. 2793, 2801, 111 L. Ed.
2d 148 (1990); McNairy v. State, 835 S.W.2d 101, 105 (Tex. Crim.
App. 1991).  

            The trial judge is the sole and
exclusive trier of fact and judge of the credibility of the witnesses and their
testimony at a suppression hearing.  See
Torres v. State, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005).  The appropriate standard for reviewing a
trial court’s ruling on a motion to suppress is bifurcated, giving almost total
deference to a trial court’s determination of historical facts and reviewing de
novo the court’s application of the law. 
Carmouche, 10 S.W.3d 327 (citing Guzman v. State,
955 S.W.2d 85 (Tex. Crim. App. 1997)). 

Application

            The sheriff seized the rifle without
a search warrant and with the consent of Appellant’s father.  Therefore, the issues presented are whether
the father voluntarily consented to the search and whether the sheriff’s
reliance on his authority to consent to the search was reasonable.  Only the chief sheriff’s deputy and Danny
Middleton, Appellant’s father, testified at the suppression hearing.  Middleton testified that, when he was asked,
he told the officers where the gun was “because I thought I should,” not
because they had approached him and his son with their guns drawn.  Middleton said he did not feel threatened by
the officers, who had holstered their weapons after they arrested his son.  Middleton said he signed a document the
police gave him before leading them into the house.  He did not testify that he felt coerced into
consenting to a search.  In fact,
Appellant’s father felt very comfortable with the sheriff—he testified that he
called him “Jimmy” and that he had known him all his life.  In this context, the trial court’s conclusion
that the father’s consent was freely and voluntarily given is reasonable, and
we will not disturb it.  

            Similarly, the trial court
reasonably concluded that Appellant’s father could consent to a search of
Appellant’s bedroom.  Appellant suggested
at trial, and now suggests on appeal, that his bedroom was off limits to
everyone and that his father did not have the right to enter the room.  But Appellant’s father testified that he did
not feel he had to ask Appellant’s permission to go into the room and had never
asked permission to go into the room before.[1]  As such, the trial court reasonably concluded
that Appellant’s father had the right to enter, or consent to a search of,
Appellant’s room.[2]  We overrule
Appellant’s first and second issues.








Lesser Included Offense

            In his third issue, Appellant argues
that the trial court erred in failing to give a jury instruction on the lesser
included offense of criminally negligent homicide.  Appellant concedes that he did not request
the instruction at trial, but argues that we should review this matter for
egregious harm pursuant to Almanza v. State, 686 S.W.2d 157, 171
(Tex. Crim. App. 1984). 

            A trial court must prepare and
deliver a jury charge that distinctly sets forth the law applicable to the
case.  See Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon Supp. 2007).  Under Almanza, an appellate
court reviews the charge only for fundamental error when there was no objection
at trial.  Almanza, 686
S.W.2d at 171.  But Almanza does
not relate to the failure to give a lesser included offense instruction, and
the decision whether to request such an instruction is a strategic decision for
the parties and is separate from the court’s obligation to instruct the jury on
the law.  See Delgado v. State,
235 S.W.3d 244, 250 (Tex. Crim. App. 2007). 
If neither side requests a lesser included instruction, the trial court
need not submit one sua sponte.  Id;
but see Rathbun v. State, No. 05-06-01515-CR, 2008 Tex.
App. LEXIS 1113, at *5–7 (Tex. App.–Dallas Feb. 5, 2008, no pet. h.) (mem. op.,
not designated for publication) (analyzing failure to submit unrequested lesser
included instruction under Almanza).  In light of Delgado, we
conclude that it was not error for the trial court not to give an unrequested
lesser included offense jury instruction. 
We overrule Appellant’s third issue.

 

Disposition

            Having overruled Appellant’s three
issues, we affirm the judgment of the trial court. 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

Opinion delivered March 26, 2008.

Panel
consisted of Worthen, C.J., Griffith, J, and Hoyle, J.

 

 

 

 

(DO NOT PUBLISH)











[1] Appellant’s father was asked if Appellant usually kept the room closed
and locked.  He replied, “I sure do.”  Then the Appellant’s father replied in the
affirmative to a question as to whether the bedroom was Appellant’s “private
little domain.”  To the extent that these
statements could contradict the father’s other testimony that he had never
before asked for permission to enter the room and that he did not need to ask
for such permission, we rely on the trial court’s resolution of the factual
issue of whether the father had the authority to consent to a search of the
room.  This was a room in the father’s
home.  Appellant was eighteen years
old.  Appellant bore the burden to
establish that he has a subjective expectation of privacy that society
recognizes as reasonable in the room that was searched.  See Granados v. State,
85 S.W.3d 217, 223 (Tex. Crim. App. 2002). 





[2] In McNairy, the court of criminal appeals noted that it
had not accepted the apparent authority rule and determined that apparent
authority did not allow a landlord to consent to a search of a tenant’s
property.  McNairy, 835
S.W.2d at 105.  We do not reach this
question because the evidence supports the conclusion that Appellant’s father
had actual authority to consent to the search.